UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASON BUTLER,<br><br>Defendant. | Case No. 4:21-cr-00033-BLW-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are pro se Defendant Jason Butler's letters requesting credit for time served (Dkt. 379) and appointment of counsel (Dkt. 380). The Court will construe the letters as a motion for credit for time served and a motion for appointment of counsel. The Court will deny both motions for the reasons stated below.

## BACKGROUND

Mr. Butler pled guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2. *See Plea Agreement*, Dkt. 269; *Minute Entry*, Dkt. 271. In March 2023, he was sentenced to 65-months incarceration followed by five years of supervised release.

MEMORANDUM DECISION AND ORDER - 1

*Judgment*, Dkt. 353. Mr. Butler is currently serving his sentence at FCI Butner Medium I in North Carolina. In October 2023, he filed two letters, essentially, requesting review of the Bureau of Prison's calculation of credit for time served and requesting that he be appointed counsel. Mr. Butler explains that the Bureau of Prisons credited him with only two months when he believes he should receive credit for time served beginning in December 2020 until his sentencing in 2023—a total of 27 months. Dkt. 379. Mr. Butler urges the Court to order the Bureau of Prisons to grant him credit for all of the time he served in federal custody.

## ANALYSIS

### A. Motion for Credit for Time Served

Mr. Butler suggests that this Court credited him for all time served from December 2020 until his sentencing. Dkt. 379. The Court's judgment, however, did not explicitly *credit* Mr. Butler with time served. Rather, the judgment *recommended* that Bureau of Prisons give Mr. Butler credit for time served. This kind of recommendation is the Court's standard procedure because "[c]redit for time served is ... a matter which generally falls within the province of the Bureau of Prisons under 18 U.S.C. § 3585(b)." *U.S. v. Drake*, 49 F.3d 1438, 1440 (9th Cir.1995).

The Court cannot address Mr. Butler's fundamental question—whether the

MEMORANDUM DECISION AND ORDER - 2

Bureau of Prisons is following that recommendation—because he has filed his petition in the wrong court. Mr. Butler's claim that he is entitled to additional credit for time served goes to the execution of his sentence rather than the sentence itself. *U.S. v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). Accordingly, he must petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Id.* Any motion under § 2241 must be filed in a court with jurisdiction over the custodian or warden of Mr. Butler's facility. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495 (1973); see also *Brown v. U.S.*, 610 F.2d 672, 677 (9th Cir.1980). Although Mr. Butler was sentenced in the District of Idaho, he must file his action in the Eastern District of North Carolina, which has jurisdiction over the custodian of FCI Butner.

For these reasons, the Court will deny Mr. Butler's motion. Nothing in this order precludes Mr. Butler from filing a motion under 28 U.S.C. § 2241 in the proper court. However, he should bear in mind, that the District Court in this, and any other District, generally lacks the authority to require the Bureau of Prisons to give an inmate credit for time served.

### B. Motion for Appointment of Counsel

Mr. Butler's second letter requests that Paul Ziel, his counsel in his initial criminal proceeding, be appointed counsel to assist with his motion for credit for

**MEMORANDUM DECISION AND ORDER - 3**

time served. *See* Dkt. 380. There is no constitutional right to counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal as of right, and no further."). Instead, the decision whether to appoint counsel in post-conviction proceedings rests with the discretion of the district court. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005). Here, Mr. Butler does not identify any circumstances that warrant the appointment of counsel. More importantly, as discussed above, this Court *cannot* grant Mr. Butler's requested relief. Accordingly, his motion for appointment of counsel is denied.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion for Credit for Time Served (Dkt. 379) is **DENIED**.

2. Defendant's Motion for Appointment of Counsel (Dkt. 380) is **DENIED.**



DATED: March 11, 2024

_____
B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 4**