UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASON BUTLER,<br><br>Defendant. | Case No. 4:21-cr-00033-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court are pro se Defendant Jason Butler's Motion to Amend or Reduce Sentence (Dkt. 390) and Motion for Judicial Recommendation (Dkt. 391). The Court will deny the motion to amend or reduce Butler's sentence. Likewise, the Court will deny Butler's motion for a recommendation that he be placed in home confinement or in a halfway house.

# BACKGROUND

Butler pled guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2. *See Plea Agreement*, Dkt. 269; *Minute Entry*, Dkt. 271. In March 2023, he was sentenced to 65 months' incarceration followed by five years of supervised release. *Judgment*, Dkt. 353. Butler's guideline-range sentence was 100 to 125 months' incarceration.

MEMORANDUM DECISION AND ORDER - 1

He was subject to a 10-year mandatory minimum but qualified for the "safety valve," *see* 18 U.S.C. § 3553(f), given the Ninth Circuit's decision in *United States v. Lopez*, 998 F.3d 431 (9th Cir. 2021). Roughly a year after *Butler* was sentenced, the United States Supreme Court abrogated *Lopez. See Pulsifer v. United States*, 601 U.S. 124 (2024). Regardless, though, Butler received the benefit of the safety valve, and he was sentenced to well below the 10-year mandatory minimum.

Butler is currently serving his sentence at FCI Butner in North Carolina, and his scheduled release date is February 10, 2027. *See https://www.bop.gov/inmateloc* (last visited Jan. 22, 2025). In October 2023, he filed two letters asking the Court to review the Bureau of Prison's calculation of credit for time served. He explained that the Bureau of Prisons did not credit him for time beginning in December 2020 through his sentencing in March 2023—a total of 27 months. Dkt. 379. That time was instead credited against a state-court conviction. *See Ex. B to Motion, June 21, 2024 BOP Response,* Dkt. 390-3 (explaining that Butler's federal sentence began on June 29, 2023 and that earlier time was credited to the state case)*; see also Presentence Investigation Report,* Dkt. 343, ¶ 145 (indicating that a parole violation warrant was issued on December 12, 2020, and that the sentence satisfaction date for the underlying crime (grand theft) was October 14, 2022). This Court denied Butler's letter motions in March 2024. *See Mar. 11, 2024 Order,* Dkt. 383. A few months later, Butler followed up

with the currently pending motions. He seeks an order that would either (1) grant him credit for 30 months of time served, or (2) shorten his 65-month sentence to 35 months. *See* Dkt. 390.

## ANALYSIS

Butler says he is not certain which federal statute or rule applies, but he offers the following as potentially applicable: (1) Federal Rule of Civil Procedure 36; (2) 28 U.S.C. § 2255; (3) 18 U.S.C. § 3582; and (4) 18 U.S.C. § 3584(a). As will be explained, neither Rule 36 nor any of the cited statutes affords relief here.

### A.    Federal Rule of Criminal Procedure 36

The Court will begin with Federal Rule of Criminal Procedure 36. This rule authorizes courts to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." The primary function of Rule 36 is to correct judgments when there is a difference between the oral pronouncement of a sentence and the written judgment. *See, e.g., United States v. Bennett*, 423 F.3d 271, 277–78 (3d Cir. 2005) ("A clerical error involves a failure to accurately record a statement or action by the court or one of the parties."). Rule 36 cannot support a motion to substantively modify a sentence, *United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003), however, and that is precisely the relief Butler seeks.

Butler points to two cases this Court decided earlier: *United States v. Van*

*Horn*, No. 4:20-cr-00034-BLW-3, 2022 Westlaw 4094173 (D. Idaho Sept. 7, 2022), and *United States v. Kirby*, No. 4:20-cr-00034-BLW-4, 2022 WL 4094174 (D. Idaho Sept. 7, 2022). There, the Court relied on Rule 36 to reduce defendants' sentences. But those cases are distinguishable because (1) the Court expressly ordered Kirby's and Van Horn's sentences to run concurrently with their state parole violation cases, and (2) at the time it imposed sentence, the Court anticipated that these defendants would be eligible to receive credit for all time spent in federal custody. Yet in both cases, BOP did not credit the defendants with that time. Under those circumstances, the government did not oppose defendants motions, and the Court granted relief under Rule 36.

This case is different. The Court did not order Butler's sentence to run concurrently with any other sentence and, therefore, did not anticipate that Butler would receive dual credit for time spent in federal custody. Under these circumstances, the Court is compelled to deny the motion to the extent it relies on Rule 36.

On reply, Butler cites two additional cases: (1) *Bagwell v. United States*, No. 1:05-cr-00265-BLW, 2018 WL 2337287 (D. Idaho May 23, 2018), and *United States v. Lucio*, No. 4:14-cr-00254-BLW, 2017 WL 162552 (D. Idaho Apr. 27, 2017). *See Reply*, Dkt. 406, at 4. In *Bagwell*, the Court modified the defendants' 40-year sentence after the government agreed that he had been erroneously

sentenced above the 30-year statutory maximum. 2018 WL 2337287, at *1. And in *Lucio*, the defendant filed an unopposed motion to amend or correct a sentence. In resolving the motion, the Court stated: "The Court agrees with Lucio that the Court's intent was to grant him credit for the jail time he served since his sentence on the Utah prosecution on March 19, 2015." 2017 WL 162552, at *1.

As with *Van Horn* and *Kirby, Bagwell* and *Lucio* are distinguishable. First, the government opposes the relief sought here. Second, the Court did not exceed a statutory maximum in imposing Butler's sentence. Third, when it imposed sentence in this case, the Court did not anticipate Butler would receive dual credit with time credited toward a state sentence. Granted, just before imposing sentencing, the Court asked Butler how long he had been in custody. But this does not mean the Court would have imposed a lesser sentence had it known Butler's federal sentence would not begin running later. That issue did not come up during the sentencing hearing.

B.   28 U.S.C. § 2255

Butler cannot obtain relief under 28 U.S.C. § 2255 because he waived his § 2255 rights when he entered into a plea agreement. The relevant provision of the plea agreement provides that, with certain exceptions,

> Defendant waives any right to appeal or collaterally attack the entry of plea the conviction, the entry of judgment, and the sentence, including forfeiture and restitution. This waiver includes any challenge to the constitutionality of any statute of conviction including arguments that

MEMORANDUM DECISION AND ORDER - 5

> the admitted conduct does not fall within any statute of conviction.
>
> *The Defendant acknowledges that this waiver will result in the dismissal of any direct appeal or collateral attack the Defendant might file seeking to challenge the plea, conviction or sentence in this case.* Further, the filing of such an appeal or collateral attack will breach this agreement and allow the Government to withdraw from it, as well as to take other remedial action.
>
> If the Defendant believes the Government has not fulfilled its obligations under this agreement, the Defendant will object at the time of sentencing; further objections are waived
>
> …
> …
> …
>
> *Notwithstanding subparagraph A, the Defendant may file an ineffective assistance of counsel claim in a 28 U.S.C. § 2255 motion.*

*Amended Plea Agreement*, Dkt. 269, ¶ VII (emphasis added). As noted, Butler retained the right to bring a § 2255 motion, but only if he alleged ineffective assistance of counsel. He did not make any such allegations in his pending motion. To the contrary, in his moving papers, he said his attorney in this case was excellent. Accordingly, to the extent Butler's motion relies on 28 U.S.C. § 2255, such a motion would be barred. *See generally United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994).

In his reply brief, Butler raised an ineffective-assistance-of-counsel argument for the first time. Generally speaking, it is not permissible to raise a new argument for the first time on reply. Further, the deadline for filing a § 2255

MEMORANDUM DECISION AND ORDER - 6

motion is typically one year after a defendant's conviction is final. *See* 28 U.S.C. § 2255(f)(1)–(4).[1] The Court entered judgment in this case on March 17, 2023. *See Judgment,* Dkt. 353. Butler did not appeal his conviction, which means his conviction became final 14 days later, on March 31, 2023. *See generally* Fed. R. App. P 4(b)(1)(A) (requiring defendant's notice of appeal to be filed within 14 days of entry of judgment or the filing of the government's notice of appeal). Yet he did not raise any ineffective-assistance-of-counsel argument until November 2024, when he put his reply brief in the mail. *See Reply*, Dkt. 406. Under these circumstances, Butler could not obtain relief under § 2255.

C.   **18 U.S.C. §§ 3582(c) and 3584(a)**

Finally, Butler's passing citations to 18 U.S.C. §§ 3582(c) and 3584(a) are not developed enough to support a reduced sentence. Section 3584 simply lays out the rules related to imposing concurrent and consecutive sentences of imprisonment. And Section 3582 lays out the rules related to other types of post-conviction motions, including compassionate-release motions and motions seeking a reduction based on amendments to the sentencing guidelines. The defendant does

---

[1] As spelled out in this statute, motions under § 2255 must be filed no more than one year after the latest of four possible events: (1) the "final" conviction; (2) the date a government-imposed impediment to filing the motion was removed; (3) the date the Supreme Court recognized and made retroactively applicable a constitutional right; and (4) the date newly discovered facts supporting the § 2255 claim could reasonably have been discovered.

not develop an argument under these provisions. The Court will therefore deny the motion to the extent it relies on these statutes.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion to Amend or Reduce Sentence (Dkt. 390) is **DENIED**.

2. Defendant's Motion for Judicial Recommendation (Dkt. 391) is granted to the extent that the Court will allow the motion to remain filed under seal. The motion is denied in all other respects.

DATED: January 22, 2025

B. Lynn Winmill
U.S. District Court Judge